Dear Mr. White:
We are in receipt of your request for an opinion of the Attorney General regarding a conflict in state and federal law with respect to the function of the Office of the State Ombudsman. As I understand your question, you want to know whether the incumbent to the Office, as a state employee is subject to the prohibition on lobbying as set forth in LSA- R.S. 24:56(E). You take the position that meeting with legislators and being asked to testify in order to take a position on a particular piece of legislation are activities consistent with provisions of the Older Americans Act (42 USC § 3058g) and should be carried out despite the prohibition of such in state law.
The prohibition is found at Louisiana Revised Statute 24:56(E) and provides in pertinent part that:
 No state employee in his official capacity or on behalf of his employer shall lobby for or against any matter intended to have the effect of law pending before the legislature or any committee thereof. (Emphasis Added). Nothing herein shall prohibit the dissemination of factual information relative to any such matter or the use of public meeting rooms or meeting facilities available to all citizens to lobby for or against any such matter.
 The Older Americans Act (42 USC 3011 et. seq.), provides for the specific functions of a state ombudsman. According to the Act, it is a state ombudsman's responsibility to recommend changes in the law as the office deems appropriate. (See 42 USC 3058g(3)(G)(iii)). The specific functions outlined under, 42 USC 3058g provide in pertinent part that the state ombudsman shall, either personally or through a representative:
* * *
 (3)(G)(i) analyze, comment on, and monitor the development and implementation of Federal, State, and local laws, regulations, and other governmental policies and actions, that pertain to the health, safety, welfare, and rights of the residents, with respect to the adequacy of long-term care facilities and services in the State;
 (ii) recommend any changes in such law, regulations, policies, and actions as the Office determines to be appropriate; and
 (iii) facilitate public comment on the laws, regulations, policies, and actions:
* * *
The functions under 42 USC 3058g as outlined above constitute activities associated with lobbying under Louisiana law. The Louisiana Legislature defines "lobbying" as any direct act or communication with a legislator for the purpose of influencing the passage or defeat of any legislation. (See, LSA-R.S. 24:51). Under the Supremacy Clause of the United States Constitution, any state law that conflicts with a federal law is rendered unenforceable.Article VI, Clause 2.
However, we need not evaluate the apparent conflict that exists between the federal and state statutes because, notwithstanding the prohibition against lobbying by state employees, the Louisiana Legislature under LSA-R.S. 40:2010.4(D) provides that "[n]o representative of the office of the state long term care ombudsman will be liable under state law for the good faith performance of official duties as defined by state and federal laws and regulations."
To effectively carry out the functions of a state ombudsman as mandated by Congress, and intended by the state legislature, it is the opinion of this office that 24:56 is made inapplicable to the state ombudsman, as the official functions of the office are clearly defined under 42 USC 3058g and LSA-R.S. 40:2010.4(D).
We hope this opinion has sufficiently addressed your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: __________________________
 CHARLENE PATTERSON Assistant Attorney General